## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARQUAN ROCHELLE,                     )
                                      )
                                      )
                    Plaintiff,        )
                                      )          CIVIL ACTION
v.                                    )
                                      )          No. 11-cv-02150-CM
                                      )
HY-VEE, INC.,                         )
                                      )
                    Defendant.        )
                                      )

## MEMORANDUM AND ORDER

On March 15, 2011, plaintiff Marquan Rochelle filed this discrimination action pro se under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, claiming that he was subjected to retaliation and discrimination while working for defendant Hy-Vee, Inc. On July 14, 2011, the clerk entered default against defendant. Currently before the court is defendant's Motion to Set Aside Clerk's Entry of Default and for Leave to Respond to Plaintiff's Complaint (Doc. 6), which was filed on July 19, 2011. After carefully considering each party's briefs and the applicable law, the court finds that defendant's motion should be granted.

### I.  FACTUAL BACKGROUND

Plaintiff commenced this action on March 15, 2011. (Doc. 1.) Nearly four months later, on July 11, 2011, plaintiff filed a proof of service that indicates that a man named Clifford Winn served the summons and complaint on defendant's Human Resources Manager (denoted "Mary R") on or about March 18, 2011. (Doc. 3.) Three days after the proof of service was filed, on July 14, 2011, the clerk entered default against defendant. (Doc. 5.) The clerk further served that entry by United States mail on the store and on defendant's general counsel in West Des Moines, Iowa.

(Doc. 5.)   On July 19, 2011, defendant filed the instant motion requesting that the entry of default be set aside and that defendant be granted leave to file an answer or other responsive pleading within 10 days of this Memorandum and Order.

## II. ANALYSIS

Federal Rule of Civil Procedure 55(c) allows a court to set aside an entry of default for "good cause."   In applying this standard, courts typically assess three principal factors: (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party who secured the entry of default. *Super Film of Am., Inc. v. UCB Films, Inc.*, No. 02-4146-SAC, 2004 U.S. Dist. LEXIS 21643, at *3 (D. Kan. Sept. 23, 2004).   The analysis of these factors is fairly liberal because "[t]he preferred disposition of any case is upon its merits and not by default judgment."   *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).   In addition, the plaintiff is proceeding pro se in this action. Accordingly, his pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.   *Auld v. Value Place Prop. Mgmt. LLC*, No. 09-1139-EFM, 2010 U.S. Dist. LEXIS 14907, at *5 (D. Kan. Feb. 19, 2010).   This does not mean, however, that the court should act as an advocate for the pro se litigant.   *See id.* ("[I]t is not the proper function of the district court to assume the role of advocate for the pros se litigant.").

Here, defendant presents arguments under each factor.   First, defendant argues that the default was not willful because defendant was not properly served and, therefore, did not learn of the service of process until it received the notice of entry of default in July.   Defendant further argues that it filed the instant motion within three (3) days of the store's receipt of the notice of entry of default.   In support of these arguments, defendant attaches the declaration of Mary Riffel, the Human Resources Manager at the store where the plaintiff worked.   Specifically, Ms. Riffel's

declaration states that she did not receive a summons or complaint on March 18, 2011, or any other day.  Second, defendant argues that it has meritorious defenses including procedural and substantive defenses.  Third, defendant argues that plaintiff will not be prejudiced because setting aside the default has not impaired plaintiff's ability to litigate his claims.

In response to these arguments, plaintiff argues that Frank Prolago, plaintiff's supervisor, notified plaintiff on March 19, 2011, that "he was aware of the summons and **it would not be in my best interest to pursue** this matter in court."  (Doc. 8 (emphasis in original)).  Plaintiff further argues defendant is purposefully delaying and that plaintiff will be prejudiced if the court sets aside the default.  Plaintiff does not further elaborate on the type of prejudice.  In reply, defendant submits the declaration of Frank Prolago, which states that Mr. Prolago was unaware that plaintiff had filed a lawsuit until July 25, 2011.

After reviewing the briefs and applicable case law, the court determines that defendant has shown good cause for setting aside the entry of default.  Based on this finding of good cause and other facts relevant to excusable neglect, the court also grants defendant's request for leave to respond to plaintiff's complaint.  *See Mook v. Gertsema*, No. 07-2152-CM, 2008 U.S. Dist. LEXIS 60379, at *3 (D. Kan. Jul. 23, 2008) ("This court has discretion to grant a defendant leave to file an answer out of time if the defendant shows good cause and that excusable neglect caused the delay.").  Specifically, defendant is allowed to file an answer or other responsive pleading within 10 days of this order.

**IT IS THEREFORE ORDERED** that defendant's Motion to Set Aside Clerk's Entry of Default and for Leave to Respond to Plaintiff's Complaint (Doc. 6) is granted.  The entry of default will be set aside, and defendant may file an answer or other responsive pleading within 10 days of this Memorandum and Order.

Dated this <u>22nd</u> day of August 2011, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**