# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARQUAN ROCHELLE,

          Plaintiff,

v.                                    Case No. 11-2150-CM-DJW

HY-VEE, INC.,

          Defendant.

## MEMORANDUM AND ORDER

Plaintiff has filed an Employment Discrimination Complaint in which she asserts claims for employment discrimination based upon race under Title VII of the Civil Rights Act of 1964 ("Title VII").[1] Currently before the Court is Plaintiff's Motion for Appointment of Counsel (ECF No. 14). Plaintiff requests that the Court appoint an attorney to represent her and has submitted an Affidavit of Financial Status (ECF No. 15) in support of her motion. For the reasons set forth below, the Court grants the motion.

Unlike a criminal case, a plaintiff has no constitutional or statutory right to appointed counsel.[2] The district court however, in its discretion, may appoint counsel for a plaintiff asserting claims under Title VII "in such circumstances as the court may deem just."[3]

The Tenth Circuit has identified four factors which are relevant when evaluating motions for the appointment of counsel in Title VII cases.[4] Before the Court may appoint counsel, the "plaintiff

---

[1] 42 U.S.C. §§ 2000e *et seq*.

[2] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420-22 (10th Cir. 1992).

[3] 42 U.S.C. § 2000e-5(f)(1).

[4] *Castner*, 979 F.2d at 1421.

must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[5]  In addition, "plaintiff's capacity to present the case without counsel should be considered in close cases as an aid in exercising discretion."[6]  The discretion granted to the court in appointing counsel is extremely broad.[7]

The Court has reviewed Plaintiff's Motion for Appointment of Counsel and supporting financial affidavit under these factors.  With regard to the first two factors, the Court finds that Plaintiff is financially unable to pay for counsel and has shown diligence in attempting to secure counsel before filing her motion.  The third *Castner* factor requires Plaintiff to make an affirmative showing of "meritorious allegations of discrimination."[8]  Based on the Court's review of Plaintiff's Complaint and attachments, the Court finds Plaintiff's claims to have sufficient merit to warrant the appointment of counsel.

The Court, in its discretion, will therefore grant Plaintiff's request for counsel.  A separate Order will be issued naming the counsel to be appointed after the Court has located an attorney to represent Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 14) is granted.  A separate Order will be issued that names the specific attorney after the Court has located the appropriate attorney to represent Plaintiff.

---

[5]*Id.*

[6]*Id.*

[7]*Id.* at 1420.

[8]*Id.*

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 6th day of October 2011.

**s/ David J. Waxse**
David. J. Waxse
United States Magistrate Judge

cc:     All counsel and pro se parties